IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

       Plaintiff,

       v.

**DANIEL JACOB COFFMAN,**

       Defendant.

No. 6:18-cr-00588-MC
No. 3:19-cr-00129-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

Defendant Daniel Coffman moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). Def.'s Mot. Reduce Sent., 6:18-cr-00588, ECF No. 61; Def.'s Mot. Reduce Sent., 3:19-cr-00129, ECF No. 68.[1] Because Mr. Coffman does not demonstrate extraordinary and compelling reasons justifying his release, Mr. Coffman's motion for compassionate release is DENIED.

## LEGAL STANDARD

Congress amended 18 U.S.C. § 3582(c)(1)(A) through the First Step Act, allowing a defendant to file a motion for compassionate release directly with the district court after exhausting all administrative remedies. Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194 (2018). The Court may grant a defendant's compassionate release if—after considering the sentencing

---

[1] Mr. Coffman filed the same motion for compassionate release in both of his cases, 6:18-cr-00588 and 3:19-cr-00129. The former is a supervised release violation case. This Opinion addresses both motions in both cases. For ease of reference, the remaining ECF citations refer to the docket for case number 3:19-cr-00129.

1 – OPINION AND ORDER

factors set forth in 18 U.S.C. § 3553(a)— the Court finds that "extraordinary and compelling reasons" warrant a sentence reduction, and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *United States v. Chen*, 48 F.4th 1092, 1094–95 (9th Cir. 2022).

"Congress directed the Sentencing Commission to promulgate general policy statements" that guide determinations of extraordinary and compelling reasons warranting a sentence reduction. *Id.* at 1095. However, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). "In the absence of an applicable policy statement from the Sentencing Commission, the determination of what constitutes extraordinary and compelling reasons for sentence reduction lies squarely within the district court's discretion." *Chen*, 48 F.4th at 1095.

Though not binding, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion" regarding defendant-filed compassionate release motions. *Aruda*, 993 F.3d at 802. Extraordinary and compelling reasons may exist where a defendant is suffering from a terminal illness or a serious medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note 1. The Court may also consider whether the defendant remains a danger to the community. *Id.* § 1B1.13(2).

## DISCUSSION

On September 2, 2021, the Court sentenced Mr. Coffman to 200 months of incarceration for one count of Possession with Intent to Distribute Methamphetamine and one count of

Possession of a Firearm in Furtherance of a Drug Trafficking Crime. J., 3:19-cr-00129, ECF No. 66. Mr. Coffman is currently housed at FCI Sheridan and his projected release date is June 4, 2033. He seeks compassionate release based on (1) the health risks of COVID-19 and (2) the poor health of his parents. Def.'s Mot. Reduce Sent. 1.

The primary criterion for granting compassionate release is the existence of an extraordinary and compelling reason. Mr. Coffman has not met this burden. Mr. Coffman is 43 years old and suffers from hepatitis C, obesity, memory loss, and lack of concentration. Def.'s Mot. 2–3. While some of these health concerns may put Mr. Coffman at an increased risk of COVID-19 complications, they alone are not sufficient to meet the bar of extraordinary and compelling circumstances. In most cases, general health risks associated with COVID-19 in prisons are not extraordinary and compelling reasons to grant release. *E.g. United States v. Rennie*, No. 3:19-cr-00402-SI, 2021 WL 5053286, at *2 (D. Or. Nov. 1, 2021) (citing Ninth Circuit cases holding the same). The record reflects that Mr. Coffman already recovered from COVID-19 once[2] and receives treatment and medication to adequately manage his other health conditions while in custody. *See* Def.'s Mot. 2; Govt.'s Ex. A, ECF No. 73.

Additionally, Mr. Coffman was offered the COVID-19 vaccine while in custody but refused to receive it. Govt.'s Ex. A, at 36. Vaccination significantly reduces the risk of contracting COVID-19 or becoming severely ill due to the virus. *See generally COVID-19 Vaccine Effectiveness Update*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://covid.cdc.gov/covid-data-tracker/#vaccine-effectiveness (last visited August 8, 2023)

---

[2] "Once you have antibodies to a particular disease, they provide some protection from that disease. Even if a person does get sick, having antibodies can protect them from getting severely ill because their body has some experience in fighting that disease." *Interim Guidelines for COVID-19 Antibody Testing*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/hcp/testing/antibody-tests-guidelines.html (last visited August 8, 2023). "Even after a person's antibodies wane, their immune system may have cells that remember the virus and that can act quickly to protect the person from severe illness if they become infected." *Id*.

3 – OPINION AND ORDER

("Being up to date on COVID-19 vaccines continues to help protect against severe disease, hospitalization, and death in adults, including during Omicron variant predominance."). Mr. Coffman's refusal to receive the vaccination, coupled with his lack of explanation as to why, makes it difficult to conclude that his risk of contracting COVID-19 is an extraordinary and compelling reason for release. *See United States v. Miller*, No. 18-cr-00139, 2021 WL 3669314, at *2 (D. Idaho Aug. 18, 2021) ("District courts in the Ninth Circuit have, however, found that the refusal of a COVID-19 vaccination undercuts requests for compassionate release.").

Mr. Coffman also argues that FCI Sheridan "created a high-risk environment for spread of COVID-19 . . . ." Def.'s Mot. 1. However, Mr. Coffman fails to illustrate how FCI Sheridan's alleged dangerous environment creates an extraordinary and compelling reason for his specific release. "Every prisoner in . . . BOP facilities is subject to the similar conditions brought about by the COVID-19 pandemic." *United States v. Lischewski*, No. 18-cr-00203, 2020 WL 6562311, at *2 (N.D. Cal. Nov. 9, 2020) (explaining that defendant failed to explain why he should be given "special or unique treatment."). Additionally, evidence suggests FCI Sheridan is effectively managing COVID-19 outbreaks. As of August 8, 2023, FCI Sheridan reported one active case of COVID-19 out of approximately 1,500 inmates. *See BOP COVID-19 Statistics*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/covid19 _statistics.html (last visited August 8, 2023).

Finally, Mr. Coffman argues for his release because of the deteriorating health of his parents. Def.'s Mot. 1–2. Mr. Coffman's father is 64-years-old and the left side of his body is paralyzed due to multiple strokes. *Id.* at 2. His mother is 61-years-old and has heart problems. *Id.* Both parents require a caregiver but, because of his incarceration, Mr. Coffman is unable to provide the support they need. *Id.* at 1. While courts disagree whether being the only available

caregiver for an ailing parent is a compelling reason for release, the facts here do not rise to the level of an extraordinary and compelling reason for release. *Compare United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) ("Mr. Bucci's role as the only potential caregiver for his ailing mother is an 'extraordinary and compelling reason' for compassionate release."), *with United States v. Ingram*, No. 2:14-CR-40, 2019 WL 3162305 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary."). Mr. Coffman submitted very little information about the condition of his parents, and he did not demonstrate that he is the only potential caregiver for them.

     Even if this Court were to find extraordinary and compelling circumstances, it would still deny Mr. Coffman's motion based on the section 3553(a) factors. Mr. Coffman was first sentenced to 120 months in federal prison in 2010 for possession of methamphetamine with intent to distribute and possession of a firearm. PSR 2, ECF No. 44. He was on supervised release for that conviction at the time of his more recent offense, which resulted in another 200-month sentence for possession of methamphetamine with intent to distribute and possession of a firearm. *Id.* Prior to his federal convictions, Mr. Coffman had a lengthy criminal history, as well as multiple violations of his probation and consistent attempts to elude law enforcement. PSR ¶¶ 15–19, 40–60. Given Mr. Coffman's disregard for probation requirements and history of noncompliance, reducing Mr. Coffman's sentence would undermine the seriousness of his offense, respect for the law, and any afforded deterrence.

     Additionally, while U.S.S.G. § 1B1.13 is not binding, Mr. Coffman's failure to demonstrate that he is no longer a danger to the community correctly informs the Court's decision. His consistent criminal history, starting in 2000, is replete with assorted offenses involving drugs and violence, with his most recent offense occurring at the age of 38. PSR ¶¶

5 – OPINION AND ORDER

15–19, 40–60. In prison, Mr. Coffman has three sanctions for possessing a dangerous weapon and one for using narcotics. Govt.'s Ex. B. The Court finds that Mr. Coffman, and the community, will benefit from his continued treatment under the services offered by the BOP for the full duration of his sentence.

## CONCLUSION

For the above reasons, Mr. Coffman's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(C)(1)(A)(i) is DENIED.[3]

IT IS SO ORDERED.

DATED this 9th day of August, 2023.

/s/ Michael McShane
Michael J. McShane
United States District Judge

---

[3] Mr. Coffman's request for counsel is also denied.